IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

H.W.,

                Plaintiff,

    vs.                                                 Case No. _____

McLOUTH UNIFIED SCHOOL DISTRICT 342,
STEVEN LILLY and ANTHONY KUCKELMAN,

                Defendants.

**Notice of Removal**

Defendants, USD 342 and Steve Lilly, submit this Notice of Removal from the 7th Judicial

District, the District Court of Douglas County Kansas to the United States District Court for the

District of Kansas pursuant to 28 U.S.C. §1441 and 1446 and D.Kan. Rule 81.1.

1. Plaintiff filed a petition in the District Court of Douglas County, Kansas against

   Defendants on July 17, 2020.

2. A summons and copy of the petition were served upon defendant USD 342 and defendant

   Steve Lily on or about September 22, 2020.

3. A summons and copy of the petition were served upon defendant Kuckelman on or about

   October 6, 2020.

4. Defendants Kuckelman consents to this removal.

5. The petition alleges the Defendants USD 342 and Lilly knew or should have known that

   Defendant Kuckelman had sexual relations with H.W. The allegations raise claims under

   Title IX, 20 U.S.C. §1681; 42 U.S.C. §1983 for alleged violations for the Fourteenth

Amendment substantive due process clause, equal protection clause, and liberty interest due process clause.

6.  The federal courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the federal court. Removal is therefore appropriate under 28 U.S.C. § 1441(a).

7.  In accordance with 28 U.S.C. § 1441(a) copies of the process and pleadings served upon Defendants USD 342 and Lilly are attached as Appendix A.

8.  No orders have been served upon defendants in this action.

9.  A copy of the written notice served upon the plaintiff this date that will be filed in state court is attached as Appendix B.

Respectfully submitted,

/s/ Terelle A. Mock

Terelle A. Mock                                    #21465
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS  66606
(785) 232-7761 | (785) 232-6604 – fax
E-mail: tmock@fpsslaw.com
**Attorney for Defendants McLouth U.S.D. 342 and Steven Lilly**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Daniel R. Zmijewski
> Christopher Dove
> DRZ LAW, LLC
> 8700 State Line Rd., Suite 305
> Leawood, KS 66206
> dan@drzlawfirm.com
> chris@drzlawfirm.lcom
> **Attorneys for Plaintiff**
>
> Carl Cornwell
> Attorney at Law
> 142 North Cherry Street, Ste 100
> Olathe, KS 66061
> carl@carlcornwell.com
> **Attorney for Defendant Kuckelman**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  no one.

/s/ Terelle A. Mock
Terelle A. Mock

# Appendix A

ELECTRONICALLY FILED
2020 Sep 17 AM 9:37
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000187

H. W.

vs.

McLouth Unified School District 342, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Steven Lilly**
**217 Summit Street**
**McLouth, KS  66054**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Daniel Zmijewski
8700 State Line Rd, Ste 305
Leawood, KS 66206

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 09/17/2020 09:43:11 AM

**Documents to be served with the Summons:**
DCC - Chapter 60 Non Domestic - PLE: PETITION for Case #2020CV000187 FSDate 7/17/2020

**ELECTRONICALLY FILED**
2020 Sep 17 AM 9:37
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000187

H. W.

vs.

McLouth Unified School District 342, et al. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

> **McLouth Unified School District 342**
> **217 Summit Street**
> **McLouth, KS 66054**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Daniel Zmijewski
> 8700 State Line Rd, Ste 305
> Leawood, KS 66206

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed on 09/17/2020 09:43:11 AM

**Documents to be served with the Summons:**
DCC - Chapter 60 Non Domestic - PLE: PETITION for Case #2020CV000187 FSDate 7/17/2020

ELECTRONICALLY FILED
2020 Jul 17 PM 12:53
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000187

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

| | |
|---|---|
| **H.W.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **McLOUTH UNIFED SCHOOL** | ) |
| **DISTRICT 342** | ) |
| **Serve: Steve Lilly** | ) |
| **Superintendant** | ) |
| **217 Summit Street** | ) |
| **McLouth, Kansas 66054** | ) |
| | ) |
| **And** | ) |
| | ) |
| **STEVEN LILLY** | ) |
| **Serve: 217 Summit Street** | ) |
| **McLouth, Kansas 66054** | ) |
| | ) |
| **And** | ) |
| | ) |
| **ANTHONY KUCKELMAN** | ) |
| **Serve: 329 Northwood Lane** | ) |
| **Lawrence, KS 66044** | ) |
| | ) |
| **Defendants.** | ) |

## <u>PETITION</u>

Plaintiff H.W., by and through her counsel of record, for her demand for damages against Defendants McLouth Unified School District 342, Mr. Steven Lilly and Anthony Kuckelman, state as follow:

### <u>Parties, Jurisdiction, and Venue</u>

1.      H.W.[1] ("H.W." or "Plaintiff") is a resident of the State of Kansas.

---

[1] Due to the nature of the allegations and damages suffered, Plaintiff seeks to protect her identity and pursue her claims through the use of her initials.

2.      Defendant McLouth Unified School District 342 ("McLouth" or "School District") is a Kansas school district located at 217 Summit Street, McLouth, Kansas 66054. McLouth High School is the high school of the Defendant School District.  The School District is a governmental entity created to provide public education to children within its boundaries.

3.      Defendant Steven Lilly ("Lilly") is the Superintendent of the School District. Defendant Lilly is being sued in his individual and official capacity.

4.      Defendant Anthony Kuckelman ("Kuckelman") is a Kansas resident who resides at 329 Northwood Lane, Lawrence, Kansas 66044.

5.      This Court has jurisdiction over this action pursuant to K.S.A. § 20-301 because this Court has original jurisdiction over all civil and criminal matters unless otherwise proved by law.

6.      Venue is proper under K.S.A. § 60-603 because Defendant Kuckelman resides in this judicial district and events giving rise to this action occurred in this judicial district.

7.      On June 15, 2018, Plaintiff served notice as required under the Kansas Tort Claims Act.

**GENERAL ALLEGATIONS**

8.      H.W. was a lifetime student at McLouth. She attended it from kindergarten through twelfth grade.

9.      In high school, H.W. lettered thirteen times. Four times she received an academic letter, because she maintained a 4.0 grade point average and graduated number one in her class.

10.     The outside appearance of the success H.W. achieved was, unfortunately, the stark opposite of the life she was forced to live.

11.     This is because, H.W. spent years of her high school life in terror.

12.     For over two years, she was the victim of constant sexual assaults by her teacher, Kuckelman.

13.     H.W. was groomed by Kuckelman while a student at McLouth High School.

14.     Eventually, H.W. became a student of Kuckelman's for science classes.

15.     It was during the teaching periods that Kuckelman took advantage of H.W. and began to sexually assault her.

16.     The sexual assaults took place over multiple school years.

17.     At times, they occurred in the classroom where, for reasons unknown, Kuckelman had one-on-one chemistry classes with H.W. in a locked classroom.

18.     Other times, despite cameras throughout the hallways, Kuckelman would direct H.W. into a hallway closet and sexually assault her.

19.     Kuckelman's devious plan went so far as he created a Dungeons & Dragons club that would meet on the weekends and made H.W. attend. But instead of attending with the club, Kuckelman would tell H.W. a different time to meet so he could be alone with her and sexually assault her.

20.     Not only was H.W. sexually assaulted as school, but she was a victim at Kuckelman's home because, on multiple occasions, she was lured to his home when agreeing to babysit his children.

21.     The sexual assaults continued through the Summer after H.W.'s senior year and eventually ended upon H.W.'s transition to college.

22.     H.W. remained silent for as long as she could keep the emotions inside.

23.     As a result of the events, H.W. now suffers from extreme trauma in the form of anxiety, vivid nightmares and fear of others.

24.     Upon information and belief, H.W. was not Kuckelman's only victim.

25.     H.W. has reason to believe Kuckelman sexually assaulted another girl for years before he began his sexual assaults of H.W.

26.     Upon information and belief, Kuckelman was in the process of grooming a new girl to sexually assault after H.W. left McLouth.

27.     McLouth had a legal obligation to act *in loco parentis* and adequately supervise H.W. while she was in the school's custody and control.

28.     Despite this duty, McLouth knew, or at the very least should have known, of Kuckelman's sexual assaults for a myriad of reasons.

    a. McLouth has cameras throughout the school. These cameras would reflect Kuckelman and H.W. entering a closet and then exiting from the same closet on multiple occasions.

    b. Kuckelman locked the three different classroom doors while having one-on-one chemistry class with H.W.

    c. Staff members and students actively joked about a relationship between Kuckelman and H.W. in front of H.W.

    d. On one occasion during the Fall of her Senior year, H.W. was caught on film by the school entering Kuckelman's classroom from an outside door during the evening. Rather than immediately hotline the event and contact the authorities, McClouth contacted H.W.'s parents to request they come to school to discuss the situation. In a misguided effort that completely

4

misguided the situation, the school directed H.W.'s parents to call H.W. to school and interrogate her. Faced with fear, H.W. explained away the situation in some manner. The school then waited over the weekend to ask Kuckelman about the same event, giving him time to contact H.W. to confirm their stories.

### *Laws, Policies, and Defendants' Response*

29. Defendants have supervision and control over its students and owe them a duty of care to protect them from harm, including rape and sexual assault. This duty extends to protect students from assault from all persons, not just employees, agents and contractors, but to any person present in the school at any time and for any reason.

30. Under Kansas law, teachers, administrators, and employees of educational institutions are mandated reporters that have a duty and obligation to hotline any suspected child abuse or sexual assault.

31. School District policy prohibits sexual harassment.

32. According to School District policy, sexual harassment will not be tolerated in the school district.

33. According to School District policy, sexual harassment of a student by staff is strictly prohibited.

34. According to School District policy, all forms of sexual harassment are prohibited at school, on school property, and at all school-sponsored activities, programs or events.

35. According to School District policy, sexual harassment of a student or person associated with the school by another student is prohibited, whether or not the harassment occurs on school grounds.

36.     According to School District policy, sexual harassment shall include, but not be limited to, unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

37.     According to School District policy, sexual harassment can occur through verbal or physical conduct or written or graphic material.

38.     According to School District policy, sexual harassment may include, but is not limited to, verbal harassment or abuse, pressure for sexual activity, repeated remarks to a person with sexual or demeaning implication, or unwelcome touching.

39.     According to School District policy, complaints of sexual harassment will be promptly investigated and resolved.

40.     According to School District policy, the School District will take prompt, remedial action to prevent the reoccurrence of sexual harassment.

41.     According to School District policy, a staff member who bullies other students may be subject to disciplinary action, up to and including suspension and/or expulsion.

42.     According to School District policy, anyone who violates the bullying prohibition shall be reported to local law enforcement.

43.     McLouth knew, or should have known, that Kuckelman had participated in improper sexual assaults in the past as a result of his actions with students and his inappropriate activity with H.W.

44.     Despite this knowledge and knowledge that Kuckelman repeatedly sexually harassed and assaulted other female students, Defendants allowed Kuckelman to remain employed at the school.

## COUNT I
## VIOLATION OF TITLE IX, 20 U.S.C. §§ 1681 *et seq.*, BY DEFENDANT DISTRICT

45.     Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

46.     Defendant does and has received Federal financial assistance and received such assistance throughout the period that H.W. was a student.

47.     Defendant provides educational programs and services to its students.

48.     Title IX prohibits sexual harassment and sexual assault of students of the School District.

49.     H.W. was sexually assaulted at McLouth over a period of years.

50.     The sexual assaults of H.W. was so severe, pervasive, and objectively offensive that it effectively deprived her of access to educational benefits and/or opportunities provided by Defendant.

51.     Defendant had the authority to take corrective measures to prevent the sexual assaults of H.W. and had actual or constructive knowledge of Kuckelman's sexual harassment and assault of other female students.

52.     Defendant acted with deliberate indifference by failing to enforce policies, and by failing to protect female students, including H.W.

53.     The acts, omissions, conduct, and behavior of Defendant has caused H.W. to suffer physical injury, humiliation, anxiety, embarrassment, and emotional pain and suffering.

54.     Also, as a result of the acts, omissions, conduct, and behavior of Defendant, H.W. was deprived of the education and/or opportunities to which she is entitled as a student.

55.     Plaintiff is entitled to recover from Defendant their reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant School District for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT DISTRICT FOR DENIAL OF H.W.'S SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – UNCONSTITUTIONAL POLICY, CUSTOM, PRACTICE**

56.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

57.     School District, through its employees, who were acting under color of law in their capacities as employees of the School District, deprived H.W. of her rights under the 14th Amendment to the Constitution of the United States to equal protection under the law and of her liberty interest in bodily integrity.

58.     Defendant failed to adequately respond to known instances of sexual harassment and abuse against female students.

59.     Defendant's failure to adequately respond reflects a reckless disregard for or deliberate indifference to the rights of students.

60.     Defendant has and had an obligation to respond to known instances of sexual harassment and assault in order to protect the other children in the School District.

61.     Defendant's acts of failing to adequately respond following known acts of sexual assault and sexual misconduct by Kuckelman represents a continuing and persistent pattern of unconstitutional conduct that was known to Defendant.

62.     Defendant's failure to correct this custom, usage, pattern, or practice represents a deliberate indifference to H.W.'s rights.

63.     Defendant's failure was the actual and proximate cause of constitutional deprivations and sexual assault against H.W.

64.     As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, H.W. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health.

65.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant School District for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT III
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT DISTRICT FOR DENIAL OF H.W.'S SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – FAILURE TO TRAIN AND SUPERVISE**

66.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

67.     School District, through its employees, who were acting under color of law in their capacities as employees of the School District, deprived H.W. of her rights under

the 14th Amendment to the Constitution of the United States to equal protection under the law and of her liberty interest in bodily integrity.

68.     Defendant failed to adequately train its employees and/or members in the appropriate manner of relationships with students, adequate forms of communications and the handling and proper investigation of allegations of sexual harassment and abuse.

69.     Defendant's failure to train reflects a reckless disregard for or deliberate indifference to the rights of students such that the inadequate training or supervision represents no policy.

70.     The implementation of training and measures to protect school children from sexual assault is a necessity to prevent the recurrence of sexual assault, resulting in the violation of students' constitutional rights.

71.     Defendant's acts of failing to teach the appropriate manner of relationships with students, or adequate forms of communications and manner to investigate and protect students following acts of sexual assault and sexual misconduct represents a pattern of unconstitutional conduct that was known to School District.

72.     Defendant's failure to correct this pattern represents a deliberate indifference to H.W.'s rights.

73.     Defendant's acts of failing to teach the appropriate manner of relationships with students, or adequate forms of communications and policy of failing to adequately train and supervise was the actual and proximate cause of constitutional deprivations and sexual assault against H.W.

74.     As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, H.W. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational

environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health.

75.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant School District for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983 BY ALL DEFENDANTS FOR DENIAL OF H.W.'S EQUAL PROTECTION RIGHTS UNDER THE 14TH AMENDMENT

76.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

77.     Defendants, through its employees, who were acting under color of law in their capacities as employees of the District, deprived H.W. of her rights to equal protection under the Fourteenth Amendment.

78.     H.W.'s right to equal protection under the law was clearly established at all relevant times.

79.     Defendants Lilly and Kuckelman were aware of H.W.'s right to equal protection under the law to be free of rape, sexual assault, and sexual harassment and failed to take steps to protect those rights.

80.     Defendants were aware of and failed to investigate and remedy the known acts of sexual harassment by Kuckelman.

11

81.     Defendants' failures represent an ongoing and persistent patent of misconduct.

82.     Defendants failure to protect H.W. from known sexual harassment, abuse, and assault constituted a violation of her right from sexual harassment and assault and was the result of discrimination against H.W. based on her gender.

83.     Defendants' breach of their duty resulted in a deprivation of H.W.'s right to equal protection under the law and to be free of sexual assault and harassment.

84.     As a direct result, H.W. was sexually assaulted on multiple occasions at McLouth High School.

85.     Defendant' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to H.W.'s federally protected rights.

86.     As a direct and proximate result of Defendants' deliberate indifference to known acts of constitutional deprivation, H.W. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health; punitive damages to deter Defendants and others from similar conduct in the future.

87.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendants for compensatory damages, including punitive damages against

Defendant Lilly, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs,

and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1983 BY SUPERINTENDANT STEVE LILLY FOR DENIAL OF H.W.'S LIBERTY INTEREST IN BODILY INTEGRITY UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT

88.     Plaintiff hereby incorporates by reference the prior allegations as if fully set

forth herein.

89.     Defendant Lilly, during the relevant time period, was an employee of School

District, a governmental entity, and acting under the color of law.

90.     Defendant Lilly's actions and omissions impacted H.W.'s rights to a liberty

interest in her bodily integrity under the Due Process Clause of the Fourteenth

Amendment.

91.     H.W.'s rights to a liberty interest in her bodily integrity, and to be free of

rape, sexual assault, and sexual harassment were clearly established at all relevant times

92.     Defendant Lilly was aware of H.W.'s liberty interest in her bodily integrity,

and to be free of rape, sexual assault, and sexual harassment and failed to take steps to

protect those rights.

93.     Defendant Lilly's conduct, by failing to conduct a reasonable investigation

into Kuckelman's behavior and conduct against female students in the School District, by

failing to take steps to stop Kuckelman's behavior and conduct against H.W., by failing to

follow policy, and by failing to protect H.W. from Kuckelman, placed H.W. at a significant

risk of serious, immediate, and proximate harm.

94.     The risk to H.W. was known to Defendant Lilly because he had direct

knowledge of Kuckelman's inappropriate and criminal sexual conduct against H.W. when

identifying inappropriate video of H.W. entering Kuckelman's classroom, among other acts caught on camera or discussed among the school and staff, and could have and should have taken steps to investigate and to protect H.W.

95.     Defendant Steve Lilly acted recklessly in conscious disregard of and with deliberate indifference to the risk of H.W.'s safety.

96.     As a direct result, H.W. was sexually assaulted over a number of years at McLouth High School.

97.     Defendant Lilly's conduct shocks the conscious.

98.     Defendant Lilly's actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to H.W.'s federally protected rights such that H.W. is entitled to an award of punitive damages.

99.     As a direct and proximate result of Defendant Lilly's deliberate indifference to known acts of constitutional deprivation, H.W. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health; punitive damages to deter Defendant Lilly and others from similar conduct in the future.

100.    Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant Steve Lilly for compensatory and punitive damages, for attorneys'

fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT VI**
**NEGLIGENCE AGAINST DISTRICT AND LILLY**

101.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

102.    Defendants District and Lilly have supervision and control over its students and owe them a duty of care to protect them from harm, including sexual assault.

103.    Several nondiscretionary polices require District and Lilly to investigate and remedy acts of sexual harassment and assault, including:

- It <u>shall</u> be a violation of the sexual harassment policy for any staff to sexually harass another student or person associated with the school.

- Complaints or knowledge of sexual harassment <u>will</u> be promptly investigated and resolved.

- The School District <u>will</u> take prompt, remedial action to prevent the reoccurrence of sexual assault or harassment.

104.    Defendants breached their duties in numerous ways:

- Upon gaining notice of the relationship through video, rather than call the authorities and make the mandatory hotline, District and Lilly called H.W.'s parents in for a meeting rather than report the events identified.

- By failing to address why Kuckelman consistently forced H.W. into a hall closet.

- By failing to supervise Kuckelman's acts on the property during the

weekends when he would force H.W. to meet at the building at times other than the Dungeons & Dragons club would meet

- By allowing Kuckelman to communicate with H.W. via social media
- By letting Kuckelman have free reign over the property to sexually assault H.W. over a period of two years.

105.    As a direct and proximate result of Defendant District and Lilly's breach of their duties, H.W. suffered damages in the following ways, including but not limited to: damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendants District and Steve Lilly for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances

### COUNT VII
**VIOLATION OF 42 U.S.C. § 1983 BY SUPERINTENDANT STEVE LILLY FOR DENIAL OF H.W.'S LIBERTY INTEREST IN BODILY INTEGRITY UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT**

106.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

107.    Defendant Kuckeman, during the relevant time period, was an employee of School District, a governmental entity, and acting under the color of law.

108.    Kuckelman's actions and omissions impacted H.W.'s rights to a liberty interest in her bodily integrity under the Due Process Clause of the Fourteenth Amendment.

109.     H.W.'s rights to a liberty interest in her bodily integrity, and to be free of rape, sexual assault, and sexual harassment were clearly established at all relevant times

110.     Defendant Kuckelman was aware of H.W.'s liberty interest in her bodily integrity, and to be free of rape, sexual assault, and sexual harassment and failed to take steps to protect those rights.

111.     Defendant Kuckelman's conduct, by sexually assaulting Plaintiff over a long period of time and by failing to follow policy, placed H.W. at a significant risk of serious, immediate, and proximate harm.

112.     The risk to H.W. was known to Defendant Kuckelamn because he was an educator and on notice of an obligation to supervise and protect his students rather than sexually assault them.

113.     Defendant Kuckelman acted recklessly in conscious disregard of and with deliberate indifference to the risk of H.W.'s safety.

114.     As a direct result, H.W. was sexually assaulted over a number of years at McLouth High School and his home.

115.     Defendant Kuckelman's conduct shocks the conscious.

116.     Defendant Kuckelman's actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to H.W.'s federally protected rights such that H.W. is entitled to an award of punitive damages.

117.     As a direct and proximate result of Defendant Kuckelman's deliberate indifference to known acts of constitutional deprivation, H.W. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering,

17

mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health; punitive damages to deter Defendant Kuckelman and others from similar conduct in the future.

118.   Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in their favor against Defendant Kuckelman for compensatory and punitive damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT KUCKELMAN

119.   Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

120.   Kuckelman acted with reckless disregard toward Plaintiff when demanding Plaintiff meet him at various places including McLouth High School and his home and demanding Plaintiff perform sexual acts with him.

121.   Kuckelman's actions were extreme and outrageous and caused Plaintiff physical harm while continuing to cause Plaintiff severe mental distress.

122.   As a result of Kuckelman's actions, Plaintiff now suffers from severe emotional trauma and has been diagnosed with Posttraumatic Stress Disorder and adjustment disorder with mixed anxiety and depression as a direct result of his acts.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant Kuckelman for compensatory damages, for costs, and for such other and further relief as it deems fair and equitable in the circumstances

## COUNT IX
## FALSE IMPRISONMENT AGAINST KUCKELMAN

123.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

124.    Kuckelman ordered Plaintiff to both school and his home on multiple occasions to sexually assault her.

125.    Upon arriving at school or his home, Kuckelman would restrain Plaintiff's ability to leave the premises by doing things such as locking or closing the doors or trapping Plaintiff in a closed area.

126.    Kuckelman's actions resulted in Plaintiff's loss of freedom without any legal excuse.

127.    Kuckelman's actions instilled fear in Plaintiff to the point where she could not attempt to leave without additional harm.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant Kuckelman for compensatory damages, for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## JURY TRIAL

Plaintiff requests a jury trial on all claims.

Respectfully submitted,

**DRZ Law, LLC**

_____

Daniel R. Zmijewski          KS #21275
Christopher Dove             KS #21251
8700 State Line Rd., Suite 305
Leawood, Kansas 66206
P: (913) 400-2033
F: (833) 340-0437
dan@drzlawfirm.com
chris@drzlawfirm.com


ATTORNEYS FOR PLAINTIFF

# Appendix B

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS

H.W.,

                                        Plaintiff,

vs.                                                              Case No. 20 CV 187

McLOUTH UNIFIED SCHOOL DISTRICT 342,
STEVEN LILLY and ANTHONY KUCKELMAN,

                                        Defendants.

**Notice of Removal**

TO:     Clerk of the Court
        Douglas County District Court
        Douglas County Courthouse
        111 E 11th St
        Lawrence, KS 66044

        Daniel R. Zmijewski
        Christopher Dove
        DRZ LAW, LLC
        8700 State Line Rd., Suite 305
        Leawood, KS 66206
        dan@drzlawfirm.com
        chris@drzlawfirm.lcom
        **Attorneys for Plaintiff**

        Carl Cornwell
        Attorney at Law
        142 North Cherry Street, Ste 100
        Olathe, KS 66061
        carl@carlcornwell.com
        **Attorney for Defendant Kuckelman**

Please take notice that the Defendants USD 342 and Steve Lilly, on the 12th day of

October, 2020, filed a Notice of Removal with appendices in the office of the Clerk of the United

{T0468846}                                1

States District Court for the District of Kansas. Attached hereto is a copy of the Notice of Removal (without appendices attached) that is being filed with the federal court.

Respectfully submitted,

/s/ Terelle A. Mock
Terelle A. Mock                                    #21465
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, KS  66606
(785) 232-7761 | (785) 232-6604 – fax
E-mail: tmock@fpsslaw.com
**Attorney for Defendants McLouth U.S.D. 342 and
Steven Lilly**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on the 13th day of October, 2020, providing notice to the following:

Daniel R. Zmijewski
Christopher Dove
DRZ LAW, LLC
8700 State Line Rd., Suite 305
Leawood, KS 66206
dan@drzlawfirm.com
chris@drzlawfirm.lcom
**Attorneys for Plaintiff**

Carl Cornwell
Attorney at Law
142 North Cherry Street, Ste 100
Olathe, KS 66061
carl@carlcornwell.com
**Attorney for Defendant Kuckelman**

/s/ Terelle A. Mock
Terelle A. Mock